**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**STEVEN ALAN SPEAR,**

      **Petitioner,**

**v.**                                        **Case No.  8:03-cv-956-T-30MAP**

**SECRETARY, DEPARTMENT OF**
**CORRECTIONS, et al.,**

      **Respondents.**
_____/

## ORDER

Petitioner, an inmate of the Florida penal system proceeding *pro se,* initiated this action by filing a Petition for Writ of Habeas Corpus (Dkt. #1) on May 16, 2003, pursuant to 28 U.S.C. §2254.  The Court has considered the Petition, Respondents' Response (Dkt. #13) and Petitioner's Reply (Dkt. #25) thereto.  Upon review, the Court determines that the Petition must be denied because Petitioner has failed to meet his burden under 28 U.S.C. §2254(d) and (e).

## BACKGROUND

In Spear's Petition for Writ of Habeas Corpus, he challenges his two state court convictions for sexual battery on a child and convictions for handling and fondling a child under sixteen, and his impending custody by the State, arising out of the Twelfth Judicial Circuit, Manatee County, Florida, in case number 97-3164F.

The State has accurately described the factual background of this case and such description is adopted by this Court.

In 1984, Spear was court-martialed for kidnaping and killing a child, confining and committing sodomy on another child, and committing lascivious acts upon a third child.[1] Spear was sentenced to eighteen years imprisonment.  In September 1993, Spear was placed under federal parole, which included conditions providing for visits by the parole officer and confiscation of contraband in plain view.  Other conditions included: his participation in a child sexual offender therapy program, no unapproved contact with minors, and a prohibition against possession of materials depicting nude children or children involved in sexual activity.

On a routine supervisory visit to Spear's residence in October 1997, a federal probation officer observed photographs of children in sports uniforms on the wall.  When asked if a victim appeared in any photo on the wall, Spear pointed out a child in a photo in which he appeared as a coach.  During the visit, Spear on his own pointed out a Sports Illustrated swimsuit calendar.  Concerned, the federal probation officer contacted Spear's therapist who agreed Spear was probably trying to get them "off track" by drawing attention to the swimsuit calendar.

The probation officer contacted the United States Disciplinary Barracks and spoke with a military parole officer concerning the addition of a consent to search condition, which

---

[1] The offenses occurred while Spear was in the Army in Manheim, Germany.  One of his child victims had resisted and Spear killed him, disposing of his body in a dumpster.

was approved by the United States Army Clemency and Parole Board.  On November 3, 1997, Spear was presented a consent to search as an added condition of parole.  Spear attempted to call his therapist prior to signing this consent but was unable to reach his therapist. He read and signed the consent to search.  Upon Spear's request to search only his bedroom so as not to disturb Spear's mother, the officers agreed to limit the search to his bedroom.  Spear stated there were some things in his closet he was concerned might violate his parole conditions.  Inside Spear's bedroom closet, the officers found two blue duffel bags containing diapers, baby creams, pacifiers, and various sizes of children's underwear in new condition.  The officers also found newspaper clippings of birth announcements and a script on how to have sex with children.

With the assistance of the Manatee County Sheriff's Office, a search warrant was prepared on November 5, 1997, and executed on November 6, 1997.  Among the confiscated items brought by the federal officer to the Sheriff's Office was a baseball trading card with J. B.'s photograph on it.  On November 5, 1997, J.B., Spear's great-nephew, made a limited disclosure of having been molested though he did not identify the perpetrator on that day.

On November 6, 1997, J.B. indicated Spear was the molester and identified his photo from a photo pack.  Spear was arrested and taken to the Manatee County Jail.  In an autobiography discovered during a second search, Spear admitted sexual contact with D.B. when he was five to seven years old.  On January 28, 1998, D.B., Spear's nephew, implicated Spear, providing details of sexual abuse.

On January 9, 1998, Spear was charged with three counts of capital sexual battery and two counts of handling and fondling a child under sixteen years of age in case number 97-3164F.  On March 2, 1998, Spear was charged with one count of capital sexual battery under the state statute in effect in 1972, Section 794.02, Fla. Stat. (1972), rape and forcible carnal knowledge of a child under eleven years of age in case number 98-0583F.

On June 2, 1999, Spear filed a motion to suppress evidence and statements alleging that his federal parole officer illegally added a condition to the terms of his parole.  Spear also alleged that he made statements to a mental health counselor and lie detector operator without being advised of his <u>Miranda</u> rights and without being given access to a lawyer.

The suppression motion was heard on June 3, 1999, and denied by the state circuit court.  With respect to the administrative search, the state court found that the parole officer had a valid legal reason to enter and search his home.  With respect to the second search, the state complied with decisional law by continuing its investigation in obtaining a search warrant.

Spear filed another motion to suppress on June 10, 1999.  Spear asserted in the second motion that Spear's parole officer illegally searched his residence without a warrant or probable cause and illegally added a condition to the term of his parole in order to conduct an illegal search.  According to the motion, the probation officer took Spear into custody and obtained statements without warning him of his right to an attorney and without providing him the opportunity to speak with an attorney.

On June 14, 1999, Spear, represented by court-appointed counsel, Steven Schaefer, entered and negotiated a plea of *nolo contendere* in both cases, reserving the right to appeal the denial of his first motion to suppress.  The parties submitted a written stipulation as to the facts and Spear argued through counsel that all evidence was fruit of the poisonous tree resulting from the parole officer's warrantless search.  The state asserted that Petitioner's Fourth Amendment rights were not violated during the searches.  Further, the state asserted that the witnesses could not be suppressed because the state could have made its case without the fruit of the parole officer's search by contacting the victims who had never been interviewed by federal parole officers.  The state court denied the defense motion, finding that the victims could testify either under the good faith of the search warrant or the inevitable discovery rule.

The state *nolle prossed* count one in case number 97-3164F pursuant to plea negotiations.  In accordance with his negotiations, Spear was adjudicated guilty and designated a sexual predator.  He was sentenced to life in prison on each remaining sexual battery count in his two cases, with the provision that he serve no less than twenty-five years in prison.  On the remaining handling and fondling counts in case number 97-3164F, Spear was sentenced to 89.6 months in prison.  Pursuant to the negotiations, all sentences run concurrently.

On July 1, 1999, Spear, through counsel, filed a motion to withdraw plea which indicated that it was to be argued *ore tenus*.  Spear filed a *pro se* motion to withdraw plea dated July 7, 1999.  On August 10, 1999, the trial court denied the plea withdrawal motions.

On August 11, 1999, Spear, through counsel, filed a motion for rehearing, and Spear filed a *pro se* "renewed motion to withdraw plea." These applications were denied at a non-evidentiary hearing on September 16, 1999.

Thereafter, Spear pursued two appeals (case number 2D99-2593 and case number 2D99-3700).

In case number 99-2593, Spear challenged the denial of his motion to withdraw his plea and raised the following issues:

1.  The trial court erred in denying the appellant's dispositive motion to suppress.

2.  The trial court erred in requiring that sexual predator notification applies to the appellant.

3.  The trial court erred in requiring the appellant to submit two specimens of blood pursuant to Section 948.03(5)(H).

Spear also argues in a supplemental initial brief in case number 99-2593: The appellant should be given an opportunity to withdraw his plea because the state has breached the negotiated plea agreement.

On November 2, 2003, the state appellate court in case number 2D99-2593 affirmed Spear's convictions, remanding only for the correction of a scrivener's error on the state judgment to reflect the requirement that he submit blood samples pursuant to state statute. Spear v. State, 787 So. 2d 1 (Fla. 2d DCA 2000).

On the same day, the state appellate court issued a written decision in case number 2D99-3700 affirming the denial of Spear's motion to withdraw plea. Therein, the district

court held that Spear had not preserved his claim that the trial court failed to inform him he could be subject to the Jimmy Ryce Act.   However, the district court stated, in general, defendants in criminal cases subsequent to the enactment of the Jimmy Ryce Act must be advised of the collateral consequence of potential involuntary civil commitment.   The state filed a motion for rehearing arguing that the only time a collateral consequence had previously been deemed necessary subject of a plea colloquy in Florida was pursuant to a rule of criminal procedure or statute.   Also, the state argued that the district court's decision was in direct conflict with state decisional law.

On December 27, 2000, the state's motion for rehearing was granted and a substituted opinion was issued by the district court in case number 2D99-3700.   Spear v. State, 782 So. 2d 403 (Fla. 2d DCA 2000).   The corrected decision provides as follows:

> Steven A. Spear appealed the trial court's order denying his motion to withdraw his plea.   Although we affirm on all four issues raised by Spear, we issue this opinion to address two of Spear's arguments.
>
> First, Spear argues that he should be allowed to withdraw his plea because the trial court did not find the motion to suppress dispositive in violation of his plea agreement.   Although the transcript of the plea hearing reflects confusion regarding the trial court's finding of this issue, we conclude that the motion to suppress was dispositive.   Therefore, Spear's argument is moot.
>
> Second, Spear argues that he should be allowed to withdraw his plea because he was not informed that his eligibility for parole could be nullified by the Jimmy Ryce Act.   Because Spear did not raise this issue in his motion to withdraw plea, he had not preserved it for review.   Accordingly, this argument is without merit.[2]

---

[2] See Id., 782 So. 2d at 403-404.

Subsequently, Spear filed a motion for rehearing in case number 2D99-3700. Spear's motion for rehearing was denied on March 30, 2001, and the mandate was issued on April 23, 2001. Spear's motion for rehearing in case number 2D99-2593 was denied on April 10, 2001, and the mandate issued on June 12, 2001.

Spear thereafter sought to invoke the state Supreme Court's discretionary review of the affirmance in case number 2D99-2593. After submission of jurisdictional briefs, the Florida Supreme Court declined to accept jurisdiction and denied Spear's petition for review on February 6, 2002, in case number SC01-1080. Spear v. State, 807 So. 2d 655 (Fla. 2000). Spear did not seek certiorari review in the Supreme Court of Florida.

Shortly thereafter, Spear filed a *pro se* motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850 dated March 11, 2002, raising nineteen claims for relief. Pursuant to an order to respond, the state filed a detailed response, asserting that the majority of Spear's grounds were raised previously on appeal and that the remaining grounds either are insufficiently pled or conclusively refuted by the record.

On July 1, 2002, the state post-conviction court summarily denied Spear's Rule 3.850 motion. After setting forth the procedural history and law, the court held as follows:

### Alleged Grounds for Relief

**Ground One:** Defendant alleges that his plea was involuntary and resulted from the misadvice of his counsel that he had a "strong issue" for review regarding the denial of his motion to suppress. Defendant claims that this advice was erroneous because the Second District failed to review his claim. The State responds that this alleged misadvice is conclusively rebutted by the representations of counsel during the plea hearing.

The Court agrees with the State.  The transcript from the plea hearing on June 14, 1999, reveals that counsel made no guarantees to the Defendant that the Second District would review the order denying his motion to suppress.  An extensive discussion took place during this hearing on whether the denial was dispositive for purposes of appeal. (6/14/99 Tr. at 9-32) During this discussion, however, counsel stated several times that he could not guarantee what the Second District would do and he had not been able to locate any law with regard to suppressing a victim's statement. (6/14/99 Tr. at 18, 22-24, 31-32) These representations conclusively and effectively refute the Defendant's present allegations.

Furthermore, the issues surrounding the motion to suppress were argued extensively prior to the plea. (6/3/99 Tr. at 25-30; 6/14/99 Tr. at 9-32) The motion to suppress was then fully briefed in the Defendant's appeal. See Appellant's Brief, Second District Case No. 99-2593, pgs. 16-27. Postconviction proceedings under Rule 3.850 are not to be used as a second appeal. *See Torres-Arboleda v. Dugger*, 636 So. 2d 1321. (Fla. 1994). Therefore, the Defendant is now foreclosed from collaterally attacking this issue.

**Ground Two:** Defendant alleges judicial bias on the part of the trial judge, claiming the judge "so enmeshed caused judicial bias" throughout the proceedings. In support, the Defendant points out that the judge denied his motion for continuance on 6/3/99 and denied his motions to appoint "competent legal counsel" by threatening him with self-representation. The State responds that these claims are legally insufficient.

The Court agrees that the motion is facially insufficient. The Defendant complains primarily about the Court's rulings in denying a motion for continuance and denying his motion to appoint "competent legal counsel." A motion to disqualify a judge must be well founded and contain facts germane to the judge's prejudice, undue bias, or sympathy. *See Rivera v. State*, 717 So. 2d477, 480-481 (Fla. 1998). Adverse judicial rulings are not a proper basis on which to disqualify a judge. *Id.; see also Solana v. Solana*, 706 So. 2d 414 (Fla. 5th DCA 1998); *Heier v. Fleet*, 642 So. 2d 669 (Fla. 4th DCA 1994); *Rives v. Logan*, 611 So. 2d 599 (Fla. 2d DCA 1993). Thus, the Defendant has failed to state a legally sufficient claim of judicial bias.

**Ground Three:** Defendant claims his plea was involuntary because he did not understand the nature of the charge or the consequences of the plea. The State

responds that these issues were raised in a motion to withdraw plea, which was denied, subsequently appealed, and affirmed by the Second District.

Defendant first complains that he entered his plea without being informed that he would be subjected to providing blood specimens to the Florida Department of Law Enforcement. This issue was raised in the Defendant's appeal.  In Second District Case No. 2D99-2593, the Defendant argued that the appellate court should strike the requirement for blood specimens. The Second District rejected his argument, remanding the case for correction of the statutory citation in the judgment, but otherwise leaving intact the requirement that the Defendant submit blood samples pursuant to § 943.325(l)(a), Florida Statutes. *See Spear*, 787 So. 2d at 2. Because the issue of the blood specimens was raised, argued and disposed of on appeal, the Defendant cannot now collaterally attack the issue under the guise of ineffectiveness of counsel.

Second, Defendant complains that he entered his plea without being informed that he would be subjected to the Jimmy Ryce Act for the civil commitment of sexually violent predators. The Second District has held, however, that the effect of possible commitment under the Jimmy Ryce Act is a collateral consequence of a plea. The failure to inform a defendant about possible commitment under the Act does not render a plea involuntary nor is it a basis for withdrawal of a plea. *See Watrous v. State*, 793 So. 2d 6 (Fla. 2d DCA 2001). Therefore, counsel cannot be deemed ineffective for failing to inform the Defendant of the potential commitment consequences of the Act.

**Ground Four:** Defendant claims his conviction violates double jeopardy. He bases this claim on the "modification" of his federal parole agreement. The State responds that the claim is legally insufficient because the Defendant fails to explain how his convictions violate the principle of double jeopardy.

Again, the Court agrees that the claim is facially insufficient. The Defendant asserts that his conviction violates double jeopardy and mentions the "enhancement" of his federal "parole agreement," yet he fails to cite any law or provide any explanation of how these alleged facts amount to a violation of double jeopardy. Therefore, his claim is facially and legally insufficient. Moreover, it would appear that these complaints relate back to the motions to suppress that were filed, argued, denied, appealed and found to be without merit in this case. For that reason alone, these issues may not be collaterally attacked. *See Teffeteller v. State*, 734 So. 2d 1009, 1016 (Fla. 1999).

**Ground Five:** Defendant claims his conviction was obtained through violations of the attorney-client and psychotherapist-patient privileges. Defendant claims that his interviews with his mental health counselor and the information subsequently provided to federal parole authorities violated his rights and that his counsel failed to research and prepare this defense. The State responds that his allegations are refuted by the "Stipulated Facts of Steven Spear," which were introduced as an exhibit to support the entry of the plea. (6/14/99 Tr. at 8-9)

Again, to the extent that these allegations attack the underlying motions to suppress in this case, they are barred. *Teffeteller, supra.* Moreover, the "stipulated facts" proffered to the Court as an exhibit to support the plea on June 14, 1999, conclusively refute any claims of privilege. These facts reveal the terms and conditions of the Defendant's federal parole and indicate that he signed a consent to search his residence on November 3, 1997, and signed authorizations to release confidential medical information regarding his mental health treatment on November 5, 1997. Therefore, any alleged privileges were waived.

**Ground Six:** Defendant claims that his counsel was ineffective in arguing the motion to suppress.  Defendant maintains that he provided counsel with two legal grounds to argue and he did not present these grounds.  The State responds that Defendant's real claim is that his counsel did not prevail and the Court ruled against him. *See e.g., Teffeteller*, 734 So. 2d at 1020-1021.

As noted above, the motion to suppress was filed, argued, denied, appealed and found to be without merit in this case. Defense counsel filed two motions to suppress in this case. One motion was argued at the hearing on June 3, 1999, along with a number of other pretrial motions. (6/3/99 Tr. at 25-30) Again, on June 14, 1999, extensive discussion was held on the motion to suppress and whether the Court's ruling was dispositive for purposes of reserving the Defendant's right to appeal. (6/14/99 Tr. at 9-32) The motion to suppress was then fully briefed in the Defendant's appeal. *See* Appellant's Brief, Second District Case No. 99-2593, pgs. 16-27. The Second District affirmed his convictions. For these reasons, the Defendant is now barred from collaterally attacking these issues. *See Teffeteller, supra; Torres-Arboleda, supra.*

**Ground Seven:** Defendant claims his counsel was ineffective due to the magnitude of his workload. Defendant complains that he wanted counsel to file a motion to recuse the judge and he refused; counsel would schedule

appointments and fail to keep them; and counsel failed to allow him "legal input" into the deposition of Bobby Roberts. The State responds that defense counsel took numerous witness depositions and filed numerous motions on behalf of the Defendant; therefore, he was not ineffective.

In order to establish an ineffective assistance claim, the Defendant must allege acts demonstrating that counsel's performance was so deficient that he was not functioning as counsel within the meaning of the Sixth Amendment. *See Strickland*, 466 U.S. at 687. The generalized complaints stated by the Defendant under this ground fail to meet the *Strickland* standard. Therefore, the Defendant's claim is legally insufficient.

Moreover, the Defendant's claim is directly refuted by his colloquy with the Court during the plea hearing. Although Defendant had complained about counsel previously, he withdrew his motion to discharge counsel during the plea colloquy. (6/14/99 Tr. at 36) He then indicated that he was satisfied with the work performed by counsel and counsel had not failed to do any work the Defendant had requested him to do, although they had had some disagreements over tactical decisions. (6/14/99 Tr. at 42-43) Thus, even if the Defendant's claim under Ground Seven were legally sufficient, it is directly refuted by the record.

**Ground Eight:** Defendant claims counsel was ineffective for failing to move for a *Richardson* hearing on the State's failure to release discovery to him. Primarily, the Defendant complains that he did not receive "unredacted police reports," an "unredacted" federal parole report, and an FDLE report regarding a rug taken from the Defendant's home. The State responds that it turned over all discovery to the Defendant in unredacted form.

Review of the State's discovery responses in the court file reveal that police reports, victim statements, federal military documentation, and an FDLE tracking report were all turned over to defense counsel. Therefore, the Defendant has failed to establish that these items were not turned over, thus necessitating a *Richardson* hearing. As a result, counsel cannot be deemed ineffective for failing to move for such a hearing. In the absence of any demonstrated prejudice, the Defendant's claim is rejected.

**Ground Nine:** Defendant claims counsel was ineffective because he failed to comply with attorney-client conferences. The gravamen of the Defendant's complaint is that counsel missed some of his appointments with the Defendant

and did not return every telephone call. For the same reasons specified under Ground Seven above, this claim is rejected.

**Ground Ten:** Defendant claims counsel was ineffective for failing to allow him "legal input" into the deposition of Bobby Roberts. Defendant claims that he wanted certain questions asked during Roberts' deposition. The State responds that the Defendant's allegations are legally insufficient to state a claim for relief. This Court agrees. The Defendant does not delineate what questions were asked by counsel, what questions the Defendant wanted asked and how the failure to get these questions on the record prejudiced him in any fashion. Therefore, his claim is legally insufficient.

Furthermore, the Court would note that counsel did file a motion seeking to re-depose this witness after his client raised this issue with him. The Court denied the motion without prejudice, and the motion was never renewed because the Defendant ultimately entered a plea. Again, the Defendant has not shown how counsel's performance was deficient or how he was prejudice thereby.

**Ground Eleven:** Defendant claims counsel was ineffective for failing to depose State witnesses in a "timely manner." The State responds that all key witnesses had been deposed by defense counsel prior to the plea hearing on June 14, 1999. Because the Defendant fails to show how he was prejudiced, this claim is legally insufficient.

**Ground Twelve:** Defendant claims counsel was ineffective for failing to file a motion against the State attorney alleging that he had tampered with a witness. The State responds that Defendant has failed to state a legally sufficient claim for witness tampering or for obtaining relief as a result of the use of alleged perjured testimony. *See DeHaven v. State*, 618 So. 2d 337, 338-339 (Fla. 2d DCA 1993).

First, Defendant complains that the Assistant State Attorney instructed Kathy Hobbs, his mental health counselor, to change her original report in this matter. Review of Hobbs' deposition, however, indicates that this amendment to her report was submitted to clarify a time frame as to when certain acts had occurred. (Hobbs' deposition, pp. 15-16) Thus, there is absolutely no indication of any perjured testimony.

Second, Defendant appears to allege that one of the victims (D.B.) had a personal relationship with the Assistant State Attorney because he referred to him by his first name during the victim's deposition. Again, there is no

evidence of any perjury or any relationship outside of the necessary contact to prosecute the Defendant, much less any tampering or suggestion of perjured testimony.

The Defendant's claims under this ground must fail. His allegations fail to reveal any deficient performance on the part of counsel, much less any prejudice. Therefore, his claims are legally insufficient to merit any relief.

**Ground Thirteen:** Defendant claims counsel was ineffective for failing to conduct an adequate investigation into defenses against the State's charges. Specifically, the Defendant assails counsel's failure to investigate the "coercive tactics" of the Manatee County Sheriff in taking the statements of the victims in this case and his failure to research military law to support the motion to suppress. The State responds that the motion to suppress was researched, filed, argued, denied, and appealed, and is now immune from collateral attack.

For the reasons set out at length under Grounds One and Six above, counsel's preparation and handling of the motion to suppress are foreclosed from attack in this motion. Quite simply, allegations of ineffective assistance cannot be used to circumvent the rule that postconviction proceedings are not to be used as a second appeal. *See Teffeteller*, 734 So. 2d at 1022.

**Ground Fourteen:** Defendant claims counsel was ineffective for failing to consult with Defendant's military attorney concerning military law that would have supported his motion to suppress. Defendant is upset because counsel "refused to obey" Defendant's instructions to consult with his military counsel. The State responds that defense counsel was under no obligation to consult with military counsel or seek his input, nor was he under an obligation to accept his input if offered.

Again, these claims go directly towards the counsel's preparation for and handling of the motion to suppress. For that reason alone, they are foreclosed from collateral attack. Moreover, the Defendant filed a motion prior to trial seeking to have the Court appoint his military counsel as co-counsel to represent him in the state criminal cases. That motion was denied. (Excerpt from 1/8/99 hearing) Defendant has failed to demonstrate that his counsel was under any obligation to "obey" his commands to consult with military counsel or how he was prejudiced by counsel's alleged failure to do so. Therefore, his claim is rejected.

**Ground Fifteen:** Defendant claims counsel was ineffective for failing to depose defense witnesses, Raymond Frye (Defendant's uncle) and Margaret Spear (Defendant's mother), now both deceased. The State responds that these witnesses, at best, would have constituted character witnesses and had no bearing on the issue of the guilt or innocence of the Defendant.

Failure to investigate exculpatory witnesses can form the basis for a facially sufficient motion for postconviction relief. *See Campbell v. State*, 616 So. 2d 995 (Fla. 2d DCA 1992). In order to state a facially sufficient claim, the Defendant must set forth the identity of the witness, the substance of the witness's testimony, and an explanation of how the omission of that testimony prejudiced the outcome of his trial. *See Robinson v. State*, 659 So. 2d 444 (Fla. 2d DCA 1995). A defendant may not simply file a postconviction motion containing conclusory allegations and expect to get an evidentiary hearing. *See Kennelly v. State*, 547 So. 2d 912 (Fla. 1989).

Once again, the Defendant's claim is legally insufficient because it contains only conclusory allegations. Although the witnesses are identified, the Defendant alleges only that they would have provided "positive defense(s) testimony." This fails to satisfy the second prong of *Robinson* requiring a statement of the "substance" of the witness's testimony. Additionally, the Defendant fails to indicate how the omission of either witness's testimony prejudiced the outcome of his case. The Defendant elected to enter a plea and not proceed to trial. Therefore, no testimony was presented at all in his case.

**Ground Sixteen:** Defendant claims counsel was ineffective for failing to file a pretrial motion providing testimony of Gerald Barr as to the sexual abuse of one of the victims in the Defendant's case. Defendant claims that the failure to obtain this testimony denied him the right of full and fair cross-examination of witnesses. The State responds that § 794.022(2) would have prohibited the use of such testimony at trial and, in any event, the Defendant fails to show how this testimony was relevant to his case.

Review of the deposition of victim S.M.B. in the file reveals that counsel did question the victim during his deposition with regard to sexual abuse by a person by the name of Gerald Barr. The deposition testimony reveals, however, that the alleged sexual abuse by Gerald Barr took place *after* the acts perpetrated by the Defendant in this case. (Depo. of J.M.B. at 26-31) Thus, the alleged abuse by Barr could not constitute prior sexual acts that might have been admissible pursuant to §794.022(2), Florida Statutes. *See Commerford v. State*, 728 So. 2d 796 (Fla. 4th DCA 1999). Consequently,

counsel cannot be deemed ineffective for failing to seek a ruling on the admissibility of this testimony prior to trial, as it would have been irrelevant and inadmissible.

Nonetheless, the issue of the admissibility of such testimony did come up at the pretrial motion hearing in this case on June 3, 1999. The State's motion in limine sought to preclude the introduction of any mention of sexual abuse of the victim by anyone other than the Defendant. (6/3/99 Tr. at 13) After a short argument on the record, the Court reserved ruling on the motion. (6/3/99 Tr. at 13-16)  No further ruling was sought as the Defendant entered a plea on June 14, 1999, and the case never proceeded to trial.

**Ground Seventeen:** Defendant claims counsel was ineffective for failing to file an adequate motion to withdraw his plea.  The State responds that the motion to withdraw plea was filed, argued, denied and appealed, and cannot now be collaterally attacked.

The Defendant raised the same issues regarding the requirement of blood specimens and the requirements of the Jimmy Ryce Act under Ground Three above. For the same reasons set out at length under Ground Three, the Defendant is not entitled to relief under this ground.

**Ground Eighteen:** Defendant claims that the Second District has breached his plea agreement by its failure to review the motion to suppress as dispositive. In appealing the denial of his motion to withdraw his plea, the Defendant argued that he should be allowed to withdraw his plea because this Court did not find the motion to suppress to be dispositive. *See Spear v. State*, 782 So. 2d 403 (Fla. 2d DCA 2000). After reviewing the June 14th transcript, the Second District concluded "the motion to suppress is dispositive"; therefore, the Defendant's argument was "moot." *Id*. The State responds  that this Court has no jurisdiction to entertain such an argument. This Court agrees and declines to address this ground.

**Ground Nineteen:** Defendant claims a right to "plain error review" based on the cumulative incidents of ineffective assistance provided by his counsel. The State responds that this is merely a "rehash" of the other grounds raised by the Defendant and fails along with his other grounds.

Unfortunately, throughout his Motion, the Defendant has failed to demonstrate that the alleged errors and omissions by his counsel, if any, fell outside the broad range of reasonably competent performance under prevailing

professional standards. On the contrary, the record conclusively refutes many of his claims, while most of his other claims are legally insufficient to state a claim for relief. In summary, there is a complete absence of any demonstrable errors or omissions in the record to support the Defendant's claims of ineffective assistance of counsel or prejudice-resulting therefrom. It is therefore,

**ORDERED AND ADJUDGED** that the Defendant's Motion for Postconviction Relief is **DENIED**.

. . . .

Spear filed a motion for rehearing, which was denied on July 29, 2002.  Spear appealed the summary denial.  On October 2, 2002, the Second District Court of Appeals affirmed the post-conviction court's denial of Spear's Rule 3.850 motion.  Spear v. State, 835 So. 2d 1133 (Fla. 2d DCA 2003).

Spear sought further review of the affirmance.  Accordingly, on November 20, 2002, the Florida Supreme Court dismissed his application for review for lack of jurisdiction.  Spear v. State, 832 So. 2d 105 (Fla. 2002).  The mandate in the collateral appeal in case number 2D02-3035 was issued two days later on November 22, 2002.

On July 31, 2001, during the pendency of his state post-conviction proceeding, Spear filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 in case number 8:01-cv-1443-T-27EAJ.  On August 24, 2001, the Court dismissed the petition without prejudice because Spear's petition reflected he had a pending state post-conviction proceeding.

Over a year later and after conclusion of his post-conviction proceeding, on December 10, 2002, Spear filed a notice of appeal of the dismissal of his first filed petition.  The

Eleventh Circuit dismissed the appeal in case number 02-16755-A for lack of jurisdiction. On May 16, 2003, Spear timely filed the instant *pro se* §2254 petition.  The instant petition attacks his state convictions and is governed by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") effective April 24, 1996.[3]

### **Standard of Review**

Because Petitioner filed his petition after April 24, 1996, this case is governed by 28 U.S.C. §2254, as amended by AEDPA.  Penry v. Johnson, 532 U.S. 782, 792 (2001).  The AEDPA (establishes a more deferential standard of review of state habeas judgments,) Fugate v. Head, 261 F. 3d 1206, 1214 (11th Cir. 2001), in order to "prevent federal habeas 'retrials' and to ensure that state court convictions are given effect to the extent possible under law." Bell v. Cone, 535 U.S. 685, 693 (2002); see also Woodford v. Visciotti, 537 U.S. 19 (2002) (habeas court's standard for evaluating state court rulings is highly deferential, which demands that state court decisions be given the benefit of the doubt).

Pursuant to 28 U.S.C. §2254(a) "a district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. §2254(a).  Where a state court initially considers the issues raised in the petition and enters a decision on the merits, 28 U.S.C. §2254(d) governs the

---

[3] The AEDPA imposes a one year statute of limitations on all habeas corpus petitions.  See 28 U.S.C. §2244(d)(1).  The instant petition was filed within one year after Spear's state judgment became final, excluding the period during which Spear's Rule 3.850 motion was pending in the state court.  See §2244(d)(2); Artuz v. Bennett, 531 U.S. 4 (2000) (discussing 'properly filed' for tolling purposes).

review of those claims.  See Penry v. Johnson, 532 U.S. at 792; Henderson v. Campbell, 353

F. 3d 880, 889-90 (11ᵗʰ Cir. 2003).

Pursuant to the AEDPA, habeas relief may not be granted with respect to a claim

adjudicated on the merits in a state court unless the adjudication of the claim:

1. Resulted in a decision that was contrary to, or involved in unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or

2. Resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the state court proceeding.  28 U.S.C. §2254(d).

Even where a state court denies an application for post-conviction relief without written

opinion, in this circuit that decision is entitled to the same deference as if the state court had

entered written findings to support its decision.  See Wright v. Secretary of Department of

Corrections, 278 F. 3d 1245, 1255 (11ᵗʰ Cir. 2002).  Where no Supreme Court precedent is on

point, or the precedent is ambiguous, it cannot be said that the state court's conclusion is

contrary to clearly established federal law.  Mitchell v. Esparaza, 540 U.S. 12, 17 (2003).

"[A] state court's decision is not 'contrary to . . . clearly established federal law' simply

because the court did not cite [Supreme Court] opinions . . . [A] state court need not even be

aware of [Supreme Court] precedents, 'so long as neither the reasoning nor the result of the

state court decision contradicts them.'"  Id. at 16, quoting Early v. Packer, 537 U.S. 3, 7-8

(2002).  "[W]hether a state court's decision was unreasonable must be accessed in light of the

record the court had before it."  Holland v. Jackson, 542 U.S. 649, 652 (2004).  A state court's

factual finding is presumed to be corrected, and the petitioner must rebut the presumption of correctness by clear and convincing evidence.  28 U.S.C. §2254(e)(1).

## Discussion

Petitioner asserts twelve separate grounds in support of his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2254.

## Ground One

In ground one, Spear alleges that his convictions were obtained by use of a coerced confession.  Spear asserts that a federal parole officer and polygraph examiner failed to advise him of his right against self-incrimination in violation of the Fifth Amendment and Article 31(b) of the Uniform Code of Military Justice, as well as state law.

Respondents argue that subject matter jurisdiction does not lie to address Spear's claims based on state and/or military law.  In order for a claim to be cognizable on federal habeas corpus review, it must challenge the legality of custody on the ground that it is "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. §2254(a).  Federal habeas corpus relief does not lie for errors of state law.  See Estelle v. McGuire, 502 U.S. 62, 67 (1991).  Also, Respondents argues that Spear's claim based on Article 31 is not cognizable in this federal habeas proceeding attacking a state judgment arising out of a civil (non-military) court.  Respondents further argue that ground one is procedurally barred because Spear did not raise a Fifth Amendment claim or preserve such claim on direct appeal.

Though Spear in his motions to suppress argued that he was not given *Miranda* warnings prior to his statements to a counselor and polygraph examiner, Spear did not pursue

a Fifth Amendment claim or a claim that his confession was coerced at the state suppression hearing. Nor did Spear preserve such claim when he negotiated his plea of *nolo contendre*. Finally, Spear did not preserve and then raise a Fifth Amendment claim or a coerced confession claim on direct appeal.

A defendant's properly counseled and entered plea of guilty admits all of the elements of a formal criminal charge and waives a multitude of federal constitutional rights, including the privilege against compulsory self-incrimination, the right of confrontation, the right to a jury trial, the right to a speedy trial, and the right to require the prosecutor to prove the crime beyond a reasonable doubt. See Tollett v. Henderson, 411 U.S. 258, 267 (1973) ("When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.")

Pursuant to Florida law, a defendant who pleads guilty or *nolo contendre* without preserving the right to contest court rulings that preceded the plea in the criminal process may appeal only issues which occur contemporaneously with entry of the plea. Robinson v. State, 373 So. 2d 898 (Fla. 1979).[4] An issue is preserved for appeal on a *nolo contendre* plea only if it is dispositive of the case. Brown v. State, 376 So. 2d 382, 384 (Fla. 1979).

---

[4] Under these circumstances, only the following issues are appealable: (1) the subject matter jurisdiction, (2) the illegality of the sentence, (3) the failure of the government to abide by the plea agreement, and (4) the voluntary and intelligent character of the plea. Robinson v. State, 373 So. 2d at 902. If the record raises issues concerning the voluntary or intelligent character of the plea, that issue must first be presented to the trial court in accordance with the law and standards pertaining to a motion to withdraw a plea. Id.

In this case, Spear's coerced confession claim occurred, if at all, prior to entry of the plea rather than contemporaneously with it.  Spear reserved the denial of his motion to suppress, but Spear did not reserve a claim of a coerced confession.  Through the voluntary entry of his *nolo contendre* plea, Spear waived any claim of a coerced confession or constitutional error regarding any statements he gave to the probation officer, polygraph examiner, or police.  Since Spear did not preserve and then raise a Fifth Amendment claim or a coerced confession claim on direct appeal, he was barred from litigating such claims collaterally in a Rule 3.850 motion.

Claims that are unexhausted and procedurally defaulted in a state court are not reviewable by this Court unless the petitioner can demonstrate cause for the default and actual prejudice.  Wainwright v. Sykes, 433 U.S. 72 (1977).  Further, Spear has not established the kind of fundamental miscarriage of justice occasioned by a constitutional violation that resulted in conviction, nor does he contend that he was actually innocent as contemplated in Murray v. Carrier, 477 U.S. 478 (1986).

It does not appear that Spear has presented cause in state court to overcome his procedural default and any such allegation is barred by the two year limitation of Rule 3.850, as well as the state's successive petition doctrine.  Moreover, it does not appear that Spear has met the prejudice or manifest injustice exceptions required in order to lift the independent and adequate state bars applicable to his ground.

Moreover, Spear's Fourth Amendment claims are barred by Stone v. Powell, 428 U.S. 465, 494-495 (1976).  The state of Florida provided Spear the opportunity for full and fair

litigation of the constitutionality of any seizure of evidence or his person.  Federal courts are precluded from conducting post-conviction review of Fourth Amendments claims where state courts have provided "an opportunity for full and fair litigation" of those claims.  See Bradley v. Nagle, 212 F. 3d 559 (11th Cir. 2000).  Accordingly, federal habeas review of Spear's substantive Fourth Amendment issues is barred.[5]

### Ground Two

In ground two, Spear contends that he was denied due process.  Spear argues that the state circuit judge with willful malicious intent and bias signed a search warrant with full knowledge that the information contained within the affidavit was obtained from an illegal search and from coerced statements in violation of Article 31(b).  Spear also argues that the state judge failed or refused to recuse herself in violation of federal, state, and military law.

Respondents argue that subject matter jurisdiction does not lie to address Spear's arguments based on military law.  Federal habeas relief is available to correct only constitutional injury.  Wainwright v. Goode, 464 U.S. 78 (1983).  Respondents also argue that Spear's state law arguments do not present a cognizable basis for federal habeas review.  In Spear's post-conviction proceeding, the state court found that Spear's second Rule 3.850 claim raising judicial bias was legally insufficient under state law.

---

[5] Furthermore, a claim based on a coerced confession in this proceeding is barred pursuant to §2254(e)(2).  Spear did not raise a claim that his statements were involuntary when he entered his plea.  Based on Spear's failure to develop the factual basis for his claim in state court, Spear is precluded from seeking a federal hearing on ground one under §2254(e)(2).

Federal courts hold no supervisory authority over state judicial proceedings. <u>Smith v.</u>

<u>Phillips</u>, 455 U.S. 209, 221 (1982).  Further, federal courts cannot review issues based solely

upon state law.  <u>See</u> <u>Branan v. Booth</u>, 861 F. 2d 1507, 1508 (11th Cir. 1988).  A state's

interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since

no question of a constitutional nature is involved.  <u>Carrizales v. Wainwright</u>, 699 F. 2d 1053,

1055 (11th Cir. 1983).  Even when a petition which actually involves state law issues is

couched in terms of equal protection and due process, this limitation on federal habeas corpus

relief is of equal force.  <u>See</u> <u>Willeford v. Estelle</u>, 538 F. 2d 1194, 1196-98 (5th Cir. 1976).

In addition, Spear's underlying Fourth Amendment issue is barred by <u>Stone</u>.  At no

time during his suppression proceedings did he seek disqualification of the judge on grounds

of malice or bias in issuance of the search warrant.  Accordingly, Spear is prevented from

bringing a claim based on ground two because he did not preserve a constitutional claim of

judicial bias when he entered his negotiated plea nor did he raise such an argument on direct

appeal.

Further, Spear fails to show cause to excuse his default in state court.  Spear's Rule

3.850 claim was found legally insufficient.  Further, Spear fails to show cause for his failure

to preserve or to raise a federal constitutional claim concerning the state judge on direct

appeal.  Any assertion of cause is now barred by the two year limitation of Rule 3.850 and the

state's successive petition doctrine.

Finally, Spear fails to allege facts showing actual bias by the state trial judge against

him.  Since Spear cannot point to evidence of actual bias in the record, his claim depends on

the appearance of bias sufficient to override the presumption of honesty and integrity. Withrow v. Larkin, 421 U.S. 35, 47 (1975). Spear, in his Rule 3.850 motion, claims that he received adverse rulings by the state judge. However, none of the results of the state rulings serve to establish bias. The matters of which Spear complains do not suggest that a reasonable person would be convinced of bias as required under federal and state law. See Tafero v. Wainwright, 796 F. 2d 1314, 1322 (11th Cir. 1986). Accordingly, Spear's assertions in his federal petition, as with his conclusory allegations in his Rule 3.850 motion, are legally insufficient to overcome the presumption of the court's honesty and integrity.

Accordingly, this Court concludes that the state record demonstrates that the state court judge assured that Spear had a full and fair opportunity to litigate his search and seizure issues with vigorous assistance of counsel. Further, it appears from the record that Spear was not denied due process in his pre-trial or plea proceedings under the "actual bias" or "likelihood or appearance of bias" standards.

## Ground Three

In ground three, Spear alleges that the state court's denial of his motion to suppress violated due process. Ground three is also barred, because he was afforded an opportunity to raise Fourth Amendment claims in the state courts. See Stone, 428 U.S. 465, 494-495.

Spear had ample opportunity to develop the factual underpinnings of his Fourth Amendment claims in his state court proceedings. On appeal, it appears Spear gained substantive review by the state court of his suppression ruling. Having full and fair opportunity to litigate his Fourth Amendment issues in state court, Spear is not now entitled

to further substantive review of his claims of an illegal search and seizure.  See Stone, 428 U.S. 465, 494-495.

## Ground Four

In ground four, Spear alleges that his plea was induced or was not voluntarily entered with an understanding of the consequences.  In his supportive facts, Spear asserts that his trial counsel failed to advise him that by accepting the plea agreement, he waived a legal challenge concerning the Jimmy Ryce Act and/or the state law requirement that he furnish a blood specimen.  Spear also faults his counsel for not effectively urging that the motion to suppress was dispositive for preservation purposes.

Once again, it appears that Spear's claim of admissions concerning the state law issues of the requirement of submission of blood specimens and the dispositiveness of his motion to suppress are procedurally barred.  Spear litigated these underlying state law issues on direct appeal.  Accordingly, Spear is barred from raising these issues collaterally under the pretense of ineffective assistance of counsel.  The state trial court's decision, followed by an affirmance by the state appellate court, was based on independent and adequate state law grounds, barring federal review of his claims concerning the blood specimen submission requirement and preservation of his suppression issues.

Further, Spear did not raise a claim relating to the omission of counsel concerning the potential consequence of commitment under the Jimmy Ryce Act in his motions to withdraw. On rehearing, the state district court agreed in concluding that the issue was not preserved. Spear v. State, 278 So. 2d 403 (Fla. 2d DCA 2000).

Subsequently, in Spear's Rule 3.850 motion he argued that his plea was involuntary because his counsel did not advise him that his plea subjected him to the Jimmy Ryce Act. Spear argued that the withdrawn opinion of the state appellate court in his appeal in case number 99-3700 suggests that the state court had agreed that there was a requirement of notification of the potential Jimmy Ryce Act consequences.

The post-conviction court disagreed however, concluding that based on state law the failure to inform a defendant of possible commitment under the Jimmy Ryce Act does not render a plea involuntary nor does it provide a basis for plea of withdrawal. Accordingly, counsel cannot be deemed ineffective for not informing Spear of the potential commitment consequences of the Jimmy Ryce Act.

Pursuant to the Supreme Court's decision in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), a defendant claiming ineffective assistance of counsel must show both deficient performance by counsel and prejudice to the defendant resulting from that deficient performance. For performance to be deficient, it must be established that, in light of all the circumstances, counsel's performance was outside the wide range of professional competence. <u>Id</u>. at 690. To show prejudice in the context of a guilty plea, the defendant must establish that "there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial." <u>See</u> <u>Hill v. Lockhart</u>, 474 U.S. 52, 59 (1985).

Under Florida law, civil confinement under the Jimmy Ryce Act is a collateral consequence of the plea and neither the trial court or the defense counsel has a duty to advise a defendant of the potential collateral consequence of his plea. <u>See</u> <u>Major v. State</u>, 814 So.

2d 424, 426-27 (Fla. 2002); see also Watrous v. State, 793 So. 2d 6, 8 (Fla. 2d DCA 2001) (finding that failure of trial court and trial counsel to advise defendant of collateral consequence did not provide basis on which to withdraw a plea).

Spear's comments at the plea hearing reflect that he entered into his plea knowingly and voluntarily to prevent further harm to the victim or the families of the victims, with the exception of his reservation of the suppression issue. Spear clearly received the full benefit of his bargain, and he fails to point to objective facts which show that he would have rejected the plea agreement but for the asserted admission of counsel with respect to the potential civil commitment. The state record is clear that Spear understood the charges against him and the possible penalties he faced.

Accordingly, this Court concludes that Spear has failed to establish that he was prejudiced by his counsel's failure to inform him of possible commitment under the Jimmy Ryce Act or that but for his counsel's errors, he would not have pled guilty and would have insisted on going to trial. For these reasons, petitioner fails to present a cognizable basis for federal habeas review.

## Ground Five

In ground five, Spear contends that the state district court failed to fulfill his plea agreement. In his supporting facts, he contends the state court failed to address his motion to suppress.

The state post-conviction court declined to address this aspect of his claim, holding that the motion to suppress was filed, briefed, argued, denied, appealed, briefed on appeal and

found to be without merit.  Accordingly, the state decision on the Rule 3.850 motion charging

lack of review by the state district court, followed by the silent affirmance of the appellate

court, rests on independent and adequate state law grounds barring review of this argument

by this Court.  Accordingly, Spear's ground five is procedurally barred.   See Stone, 428 U.S.

465, 494-495.

## Ground Six

In ground six, Spear alleges that the state trial court committed "plain error" in

violation of federal, state, and military law.  In his supporting facts, he charges the state trial

court with failure to obey state law and Supreme Court precedent in issuing the search warrant

and in denying his motion to suppress.  Spear's arguments furnish no basis for federal habeas

corpus review, and his Fourth Amendment issues are barred by Stone as stated herein.

Further, Spear's claims of malicious actions of the state judge are procedurally barred

on state grounds as a result of his failure to preserve and then raise a claim of judicial bias on

direct appeal, as previously explained herein.

Additionally, Spear alleges that the state judge failed to hold a Kastigar hearing.  In

Kastigar v. United States, 406 U.S. 441 (1972), the Supreme Court held that a witness who

raises the Fifth Amendment privilege may nevertheless be compelled to testify when he or she

has been granted use and directive use immunity from subsequent criminal proceedings.

However, Spear does not explain how Kastigar applies to his case.  Further, Spear's claim that

he is entitled to a Kastigar hearing is procedurally barred because he did not preserve such

upon entry of his plea and did not raise such claim on direct appeal.  Since Spear did not raise

this issue on appeal or in a Rule 3.850 motion on state procedural grounds, Spear is now barred from litigating this issue on federal habeas review.

## **Ground Seven**

In ground seven, Spear repeats his <u>Stone</u> barred claims of an illegal search and seizure. He also repeats his defaulted claims of a coerced confession, a violation of Article 31, and malicious acts on the part of the state trial judge.  All of these claims have already been addressed by this Court in this Order.  Each of these claims is procedurally barred.   <u>Stone</u>, 428 U.S. 465, 494-495.

## **Grounds Eight and Nine**

In grounds eight and nine, Spear reasserts his claim that his conviction was obtained with evidence that was obtained by an unconstitutional search and seizure.  He also reasserts that the state trial judge failed to conduct a complete evidentiary hearing on his motions to suppress and such establishes judicial bias.  Finally, Spear reiterates his claim that he was interrogated in violation of Article 31.  These claims are all procedurally barred on state grounds. <u>See</u> <u>Stone</u>, 428 U.S. 465.

Once again, Spear did not preserve a claim that the proceedings on his motions to suppress or any action of the state judge supported any claim of judicial bias.  Nor did he preserve a claim that he was questioned in violation of the Fifth Amendment on military law. The entry of his negotiated plea waived and foreclosed all such claims.

By entering into a plea agreement, Spear waived further factual development and stipulated to certain facts in lieu of an evidentiary hearing.  Such waiver prevents Spear from

bringing a claim that he was denied a full and fair opportunity to litigate his claim in state court proceedings. Accordingly, Spear is barred from claiming that the state court's failure to conduct a complete evidentiary hearing establishes ineffective assistance of trial counsel. Spear affirmatively confirmed his satisfaction with his counsel's efforts at the plea hearing, and his plea waived any complaint in that regard. Finally, Spear has failed to show prejudice, or assert a claim of actual innocence.

### Ground Ten

In ground ten, Spear contends that a state conviction violates double jeopardy. In support of this argument, Spear points to a condition of his federal parole added in November 1997. Spear asserts that the state Supreme Court held that in order for a parole or probation condition to be modified, a probationer must be afforded a violation hearing. Spear's state law arguments do not present a basis for federal relief. To the extent he is claiming that his convictions violate the federal constitution proscription against double jeopardy, such is barred by entry of Spear's voluntary plea.

The Eleventh Circuit has held that where a defendant freely, voluntarily, and accompanied by his attorney enters into a plea agreement whereby he pleads guilty or the equivalent, he waives the right to challenge the offenses on the basis of a double jeopardy objection. Dermota v. United States, 895 F. 2d 1324 (11th Cir. 1990). In this case, Spear waived the right to challenge his convictions on double jeopardy grounds by failing to reserve the grounds for appeal upon entry of his plea agreement. Accordingly, Spear fails to state a cognizable basis for federal habeas review on such basis.

### Ground Eleven

In ground eleven, Spear alleges that statements he made to a counselor were protected by the psychotherapist-patient privilege and released in violation of Article 31 and state law. Once again, ground eleven does not present a cognizable ground for federal habeas relief. Ground eleven, in its entirety, is waived and procedurally barred by virtue of Spear's entry of his voluntary plea. Spear is barred from bringing this argument, because upon entry of his plea he did not preserve a claim relating to an improper release of information from the mental health counselor. Accordingly, this Court concludes that Spear has failed to establish the required showing to lift the state court procedural bar.

### Ground Twelve

In ground twelve, Spear asserts he was denied effective assistance of trial counsel. Spear proceeds to list fourteen proposed instances of ineffectiveness raised in his Rule 3.850 motion. Spear faults his trial attorney for the following actions:

1. Not presenting a complete motion to suppress an evidentiary testimony in support;

2. Inexperience in a case of such magnitude;

3. Not seeking a <u>Richardson</u> hearing to compel release of discovery materials;

4. Not complying with an attorney-client conference;

5. Permitting the federal parole officer to testify at deposition concerning Spear's statements;

6. Not deposing state witnesses in a timely manner;

7.      Refusing to charge the state prosecutor with tampering;

8.      Not conducting an adequate investigation into available defenses;

9.      Refusing to consult with his military counsel as to mutual defenses;

10.     Not interviewing defense witnesses in support of a claim of innocence;

11.     Not seeking an order to redact portion of his federal parole file;

12.     Not using information regarding Gerald Barr to prove Spear's innocence or mitigation;

13.     Not advising that state law supported contention that modification of a parole condition violated double jeopardy; and

14.     Not advising that use of his statements to the mental health counselor violated the attorney-client privilege.

The above events occurred, if at all, prior to the entry of Spear's *nolo contendre* plea. As previously explained, a voluntary *nolo contendre* plea waives all non-jurisdictional defects in a criminal proceeding, including claims asserting ineffective assistance of counsel that do not implicate the validity of the plea itself.  See Carter v. Gladish, 2005 WL 1712263, *8 (M.D. Fla. 2005), citing United States v. Smallwood, 920 F.2d 1231, 1240 (5th Cir. 1991). Spear cannot now attack the ineffectiveness of his counsel in any respects other than an alleged ineffectiveness for faulty advice by counsel that coerced a guilty plea.  See Carter at *8, citing United States v. Glinsey, 209 F.3d 386, 392 (5th Cir. 2000).  Spear has not made or established such a claim within these proceedings

Spear's plea colloquy establishes that Spear affirmatively abandoned any complaint against his counsel.  At the plea hearing, Spear withdrew his motion to discharge his trial counsel, agreed to continuing representation by counsel and expressly affirmed that he was satisfied with counsel.  The trial court asked Spear, "So you do not want me to go any further about whether you are satisfied with the representation of Mr. Schaefer; is that right?"  Spear responded, "I don't want you to go forward, no, ma'am."

Furthermore, during the colloquy, Spear confirmed he had no other questions and that he was satisfied with the work his lawyer had done for him.  His attorney indicated tactical decisions were made and Spear confirmed his satisfaction at the time of the plea with all issues discussed about counsel's representation.  Spear confirmed his understanding of the rights he was giving up and his understanding of his plea form.  Accordingly, he entered his plea freely and voluntarily and stated that he was satisfied with his counsel's representation.

Solemn declarations in open court carry a strong presumption of truth.  Such presumption is not overcome by Spear's conclusory allegations.  Blackledge v. Allison, 431 U.S. 63, 73-74 (1977).  Spear's action of knowingly and voluntarily entering into his *nolo contendre* plea waived his deficiency claims of ineffective assistance of counsel.  As a result, such claims are procedurally barred.

## Conclusion

Spear fails to meet his burden under 28 U.S.C. §2254(d) and (e) by failing to establish that the state court proceedings: resulted in a decision that was contrary to Federal law, were based on an unreasonable determination of the facts.  Further, Spear fails to establish that a

previously unavailable new rule of constitutional law has been made retroactive that would grant him relief, that new facts have been discovered that could not have been previously discovered through the exercise of due diligence, or that based on the underlying facts no reasonable fact-finder would have found Spear guilty of the underlying offense, resulting in a constitutional error.  Accordingly, Spear is not entitled to federal habeas corpus relief on any claim asserted in Spear's Petition for Writ of Habeas Corpus.

It is therefore ORDERED AND ADJUDGED that:

1.      The Petition for Writ of Habeas Corpus (Dkt. #1) is DENIED.

2.      The Clerk is directed to enter judgment against Petitioner, terminate all pending motions, and CLOSE this case.

**DONE** and **ORDERED** in Tampa, Florida on May 10, 2006.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2003\03-cv-956.Steven Spear Petition.frm