**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

STEVEN ALAN SPEAR,

        Petitioner,

-vs-                                  Case No. 8:03-cv-956-T-30MAP

SECRETARY, DEPARTMENT
OF CORRECTIONS, et al.,

        Respondents.
_____/

**<u>ORDER</u>**

This matter comes before the Court for consideration of Petitioner's Notice of Appeal (Dkt. 48) of the May 6, 2009 decision denying his motion for relief from judgment filed pursuant to Fed.R.Civ.P. 60(b)(6) (See Dkt. 47). The Court construed the Notice of Appeal as a motion for issuance of a certificate of appealability pursuant to Rule 22, Fed. R. App. P.,[1] and 28 U.S.C. § 2253[2] (Dkt. 49). Also before the Court are Petitioner's motion for leave to proceed on appeal *in forma pauperis* (Dkt. 50), Motion for Enlargement of Time (Dkt. 51)

---

[1] "Certificate of Appealability. (1) In a habeas corpus proceeding in which the detention complained of arises from process issued by a state court, or in a 28 U.S.C. §§ 2255 proceeding, the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. §§ 2253(c). If an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or statewhy a certificate should not issue. . . . If no express request for a certificate is filed, the notice of appeal constitutes a request addressed to the judges of the court of appeals." Rule 22, Fed. R. App. P.

[2] "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from -- (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;. . . (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c).

1

in which it appears Petitioner requests an extension of time to file an application for certificate of appealability, and Application for Certificate of Appealability (Dkt. 52).

"[A] certificate of appealability is required for the appeal of any denial of a Rule 60(b) motion for relief from a judgment in a [28 U.S.C.] § 2254 or [28 U.S.C.] § 2255 proceeding." *Jackson v. Crosby*, 437 F.3d 1290, 1294 (11th Cir. 2006)(citations omitted). "[I]n cases involving denials of Rule 60(b) motions on procedural grounds without reaching the merits of any constitutional claims...a petitioner will be granted a certificate of appealability 'only if [he] makes both a substantial showing that he had a valid claim of the denial of a constitutional right, and a substantial showing that the procedural ruling is wrong[.]'" *Jackson*, 437 F.3d at 1294(citations and footnote omitted). "These two 'substantial showings,' both procedural and substantive, mean that it must be 'debatable among reasonable jurists' both that the petitioner was denied a constitutional right, and that the district court's procedural decision was wrong." *Id*.(citation omitted). Petitioner has failed to make these threshold showings.

ACCORDINGLY, the Court **ORDERS** that:

1.  Petitioner's construed motion for issuance of certificate of appealability (Dkt. 49) is **DENIED**.

2.  Petitioner's motion for leave to proceed on appeal *in forma pauperis* (Dkt. 50) is **DENIED**.

3.  Petitioner's Motion for Enlargement of Time (Dkt. 51) is **DENIED**.

4. Petitioner's Application for Certificate of Appealability (Dkt. 52) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on June 24, 2009.

*[signature]*
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy furnished to:
Petitioner pro se
Counsel of Record