UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STEVEN ALAN SPEAR,

    Petitioner,

v.                                    Case No: 8:03-cv-956-T-30MAP

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,
et al.,

    Respondents.
_____/

## AMENDED ORDER

THIS CAUSE comes before the Court upon Petitioner Steven Alan Spear's reinstated Motion for Relief from Judgment filed pursuant to Federal Rule of Civil Procedure 60(b) (Doc. 56). Spear seeks relief from the order and judgment, rendered May 10, 2006, denying Ground 1 of his petition for writ of habeas corpus filed under 28 U.S.C. § 2254. (Docs. 35, 36).

## BACKGROUND

Previously, Spear filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his state-court convictions for sexual battery on a child (two counts) and handling and fondling a child under sixteen. (Doc. 1). The Court denied Spear's petition on all grounds. (Doc. 35).

On August 5, 2013, Spear filed a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(6) as to Ground 1 of his petition. (Doc. 56). The Court dismissed the motion as an unauthorized second or successive § 2254 petition. (Doc. 57). Upon denial of his motion for relief from judgment, Spear applied for a certificate of appealability, which this Court construed as a notice of appeal. (Docs. 58, 59). Spear also filed a motion seeking to proceed *in forma pauperis* on appeal. (Doc. 61).

In considering Spear's application for certificate of appealability and motion to proceed *in forma pauperis* on appeal, the Court concluded that it would be inclined to vacate its order dismissing Spear's motion for relief from judgment as an unauthorized second or successive habeas petition and to treat the motion as a true Rule 60(b) motion challenging the denial of Ground 1 of his § 2254 petition. (Doc. 63). However, because the matter was on appeal, the Court informed Spear that he must notify the Eleventh Circuit that he wished to have a full remand of his case to confer jurisdiction upon this Court. (*Id.*). Nevertheless, the Court granted Spear's application for a certificate of appealability and his motion for leave to proceed *in forma pauperis* on appeal. (*Id.*).

On December 28, 2013, the Eleventh Circuit Court of Appeals issued an order remanding the case. (Doc. 69). Consequently, the Court vacated its prior order on Spear's motion for relief from judgment, reopened the case, and reinstated Spear's motion for relief from judgment.

## DISCUSSION

In Ground 1 of his petition, Spear alleged that his convictions were obtained by the use of a coerced confession. Specifically, Spear argued that a federal parole officer and

polygraph examiner failed to advise him of his right against self-incrimination in violation of the Fifth Amendment, Article 31(B) of the Uniform Code of Military Justice, and Florida-state law. Spear also argued a violation of his Fourth Amendment rights. The Court concluded that Spear's Fifth Amendment claim was procedurally barred and that his Fourth Amendment claim was barred pursuant to the doctrine espoused in *Stone v. Powell*, 428 U.S. 465, 494-95 (1976) (concluding "that where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial" (footnote omitted)). (Doc. 35). Spear now contends that he is entitled to reconsideration of Ground 1 under Rule 60(b)(6) because his procedural default should be excused pursuant to the Supreme Court's decision in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012). (Doc. 56).

Rule 60(b)(6) provides, "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . any other reason that justifies relief." A motion filed under the catchall provision contained in Rule 60(b)(6) must be filed within a "reasonable time . . . after the entry of the judgment or order." Rule 60(c)(1). "The law is well established that Rule 60(b)(6) affords relief from a final judgment only under extraordinary circumstances." *High v. Zant*, 916 F.2d 1507, 1509 (11th Cir. 1990). "[E]xtraordinary circumstances that warrant the reopening of a judgment 'will rarely occur in the habeas context.'" *Howell v. Sec'y, Fla. Dep't of Corr.*, 730 F.3d 1257, 1260 (11th Cir. 2013) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005)).

Spear has not alleged "extraordinary circumstances" to warrant reopening his petition. According to Spear, the Supreme Court's 2012 decision in *Martinez* provides a legitimate basis for the Court to reopen his habeas petition as to Ground 1 because it provides a new avenue by which he can establish cause and prejudice for the procedural default of Ground 1. *Martinez*, which modified the holding of *Coleman v. Thompson*, 501 U.S. 722, (1991), recognized a narrow exception by which a petitioner can establish cause for procedural default of an ineffective-assistance-of-trial-counsel claim based upon ineffective assistance of counsel during initial-review collateral proceedings. *Martinez*, 132 S. Ct. at 1315. Specifically, the Supreme Court stated, "[w]here, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance of counsel at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." *Id.* at 1320.

However, in Ground 1 of his petition, Spear did not raise a claim of ineffective assistance of trial counsel. Rather he argued that his convictions were obtained in violation of his Fifth and Fourth Amendment rights. Because the holding in *Martinez* is narrow and applies only to claims of ineffective assistance of trial counsel, the holding in *Martinez* is inapplicable to Ground 1 of Spear's petition and his reliance on *Martinez* is misplaced.

Moreover, even if *Martinez* were applicable to Spear's claims as raised in Ground 1, Spear cannot rely on *Martinez* to demonstrate extraordinary circumstances that would warrant relief under Rule 60(b)(6). A change of law does not provide grounds for relief

under Rule 60(b)(6) unless it is "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2254(e)(2)(A)(i); *see also Gonzalez*, 545 U.S. at 532-33; *Arthur v. Thomas*, 739 F.3d 611, 631 (11th Cir. 2014). *Martinez* is not such a case, and, therefore, provides no basis for Spear's requested relief.

## CONCLUSION

Accordingly, it is therefore **ORDERED AND ADJUDGED** that:

1. Petitioner Steven Alan Spear's Motion for Relief from Judgment (Doc. 56) is DENIED.

2. The Clerk is directed to close this file.

### CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Spear is not entitled to a certificate of appealability ("COA"). "It is still the law of [the Eleventh C]ircuit that 'a [COA] is required for the appeal of any denial of a Rule 60(b) motion for relief from a judgment in a [28 U.S.C.] § 2254 or [28 U.S.C.] § 2255 proceeding.'" *Jackson v. Crosby*, 437 F.3d 1290, 1294 (11th Cir. 2006) (quoting *Gonzalez v. Sec'y for Dep't of Corr.*, 366 F.3d 1253, 1263 (11th Cir. 2004)).

"[I]n cases involving denials of Rule 60(b) motions on procedural grounds without reaching the merits of any constitutional claims," such as here, "a petitioner will be granted a [COA] 'only if [he] makes *both* a substantial showing that he had a valid claim of the denial of a constitutional right, *and* a substantial showing that the procedural ruling is

5

wrong.'" *Id.* at 1295 (quoting *Gonzalez*, 366 F.3d at 1267). "These two 'substantial showings,' both procedural and substantive, mean that it must be 'debatable among reasonable jurists' both that the petitioner was denied a constitutional right, and that the district court's procedural decision was wrong." *Id.* (citing *Gonzalez*, 366 F.3d at 1268). Spear has not made the requisite showing in these circumstances. Because Spear is not entitled to a COA, he is not entitled to appeal *in forma pauperis*.

**DONE** and **ORDERED** in Tampa, Florida, this 17th day of March, 2015.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

<u>Copies furnished to:</u>
Counsel/Parties of Record

S:\Even\2003\03-956 Spear v. Sec'y, Dep't of Corr.Ground 1.docx